Law Office of Rachel S. Blumenfeld PLLC
Rachel S. Blumenfeld, Esq. (1458)
26 Court Street, Suite 2220
Brooklyn, New York  11242
Tel: (718) 858-9600
Fax: (718) 858-9601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

109 West 141 Street Corporation,                                  Chapter 11


                                    Debtor.
-----------------------------------------------------------X

# DECLARATION OF CAROLYN BOVELL PURSUANT TO LOCAL RULE 1007-2

Carolyn Bovell being duly sworn, deposes and says:

1. I am the Secretary and a member of the Board of Directors of 109 West 141 Street Corporation  (the "Debtor") a debtor in the above-captioned case.

2. I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

3. The Debtor is a co-op board located at 103-109 West 141 Street in the New York, New York and was established on or about 1927.  The Debtor occupies 3,000 square feet of space which includes 6 floors, 42 units and a basement.

4. In 2009 the Debtor fell behind on property taxes due to a lack of maintenance payment; and deceased shareholders.

5. The Debtor has filed this chapter 11 case in order to obtain some breathing room from its creditors and the judgment obtained by the NYC Department of Finance. The Debtor is optimistic that by virtue of the filing of this Chapter 11 case, in addition to the interest of Newport Acquisition Inc., that it will be able to emerge from this bankruptcy case in a very short time.

### INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007

6. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

7. The Debtor is located at 103-109 West 141 Street in the Bronx, New York and is a co-operative building.

**Local Rule 1007-2(a)(2)**

9. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

10. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

11. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I.**

**Local Rule 1007-2(a)(5)**

12. The Debtor's only secured creditor is NYC Department of Finance by virtue of an In Rem action and judgment.

**Local Rule 1007-2(a)(6)**

13. A consolidated balance sheet is annexed hereto as **Schedule I.**

**Local Rule 1007-2(a)(7)**

14. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

15. None of the Debtors' property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

16. The Debtor operates its business from its premises.

**Local Rule 1007-2(a)(10)**

17. The Debtor's assets are located at 103-109 West 141 Street, New York, New York. The books and records of the Debtor are located at Frances Syn-Moie, New York Residential Incorporated, 347 Lennox Avenue, New York, New York 10027

**Local Rule 1007-2(a)(11)**

18. The following actions are pending against the Debtor:

<u>In Rem Tax Foreclosure Action No. 51 Borough of Manhattan Sections 2, 3, 4, 5, 6, 7 and 8 Tax Classes 1 and 2t</u> Index No.580001/2016.

**Local Rule 1007-2(a)(12)**

19. The Debtor's management consists of Adrian Faucette; Carolyn Bovell; Patricia Warrington; and Kirby Freeman.

**Local Rule 1007-2(b)(1) and (2))**

20. The Debtor estimates monthly payroll to employees including officers and directors for the thirty (30) day period following the Chapter 11 petition is $0.00.

21. The Debtor estimates monthly payroll and payments to owners for the thirty (30) day period following the Chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(3)**

22. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule II.**

## INFORMATION RQUIRED BY BANKRUPTCY CODE § 1116(1)(A)

23. The Debtor's most recent balance sheet is annexed hereto as **Schedule III.**

24. The Debtor's most recent profit and loss statement is annexed hereto as **Schedule IV.**

25. The Debtor's most recent tax return is annexed hereto as **Schedule V.**

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York

July 16, 2018

                                                            _____
Carolyn Bovell for
109 West 141 Street Corporation